Electronically Filed
Intermediate Court of Appeals
CAAP-13-0006150
28-JAN-2015
09:00 AM

NO. CAAP-13-0006150

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

QUINTIN-JOHN D'AGIRBAUD, III, Petitioner-Appellant,
v.
HAWAII PAROLING AUTHORITY AND HAWAII DEPARTMENT
OF PUBLIC SAFETY, Respondents-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPECIAL PROCEEDING PRISONER NO. 11-1-0039)
(CRIMINAL NOS. 02-1-0939, 02-1-1336, 02-1-1558)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

The instant appeal arises from the denial of a petition for post-conviction relief. Petitioner-Appellant, Quintin-John D'Agirbaud, III (**D'Agirbaud**), appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Writ of Habeas Corpus" (**Order**) entered November 6, 2013 in the Circuit Court of the First Circuit[1] (**circuit court**).

D'Agirbaud contends the circuit court's Order should be vacated because he is being held in custody past his maximum discharge date.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1] The Honorable Steven S. Alm presided.

well as the relevant statutory and case law, we conclude that D'Agirbaud's appeal is without merit.

On April 29, 2002, D'Agirbaud was arrested and taken into custody under suspicion of forgery. On May 7, 2003, a jury found D'Agirbaud guilty as charged of numerous counts of forgery and theft in three consolidated cases: (1) criminal case number 02-1-0939 (**Case 939**); (2) criminal case number 02-1-1336 (**Case 1336**); and (3) criminal case number 02-1-1558 (**Case 1558**).

On December 31, 2007, the circuit court issued a "Second Amended Judgment of Conviction and Sentence" (**Second Amended Judgment**)[2] for each of D'Agirbaud's three consolidated cases. Each Second Amended Judgment imposed a maximum prison term of five years and required the sentences for each case to run consecutively.[3] On April 28, 2008, Respondent-Appellee Hawaii Paroling Authority (**HPA**) issued a "Notice and Order of Fixing Minimum Term(s) of Imprisonment" that set a two-year minimum term for each case.

On April 7, 2009, HPA issued an "Order of Parole" granting D'Agirbaud release on parole starting April 16, 2009, and specifying that parole expires on April 28, 2012 for Case 1336, and on April 27, 2017 for Case 1558.[4] The Order of Parole stated that if D'Agirbaud violates his parole, he "shall be subject to summary return to imprisonment" and "may be required to serve the remainder of [his] term." On November 3, 2010, HPA revoked D'Agirbaud's parole "for the balance of the maximum sentence(s)" for Case 1336 and Case 1558.

---

[2] The circuit court issued the Second Amended Judgment because on May 16, 2007, the U.S. District Court for the District of Hawai'i held that D'Agirbaud's extended-term sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3] Hawaii Revised Statutes (**HRS**) § 706-668.5 (1993) authorizes courts to determine whether a defendant shall serve multiple terms of imprisonment concurrently or consecutively.

[4] The record indicates that the Order of Parole does not mention Case 939 because by that time, D'Agirbaud had spent at least five years in prison and therefore had already served the maximum prison term for that case.

On June 30, 2011, D'Agirbaud filed a "Petition for Writ of Habeas Corpus" (**Petition**) pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40. In his Petition, D'Agirbaud contended that he was entitled to "immediate and unconditional release from prison" because he had "fully served the last of three (3) 5-year consecutive sentences." D'Agirbaud included the following sentence in the "Facts" section of his Petition: "By simultaneously paroling D'Agirbaud on [Case 1336 and Case 1558], HPA effectively altered the court's consecutive sentences to run concurrently." D'Agirbaud argued that he began serving his last five-year sentence in April 2006 and that the sentence was fully served "on or about April 17, 2011."

HPA's Order of Parole clearly states that for Case 1336, D'Agirbaud's parole expires on April 28, 2012, and that for Case 1558, D'Agirbaud's parole expires on April 27, 2017. The Order of Parole also clearly states that if D'Agirbaud violates his parole, he "shall be subject to summary return to imprisonment" and "may be required to serve the remainder of [his] term." HPA does not have the power to change a defendant's sentences for multiple terms from ones that run consecutively to ones that run concurrently. See HRS § 353-62 (1993) (listing the authorities, responsibilities, and duties of HPA). D'Agirbaud's interpretation of HPA's Order of Parole is unreasonable and if adopted, would undermine the circuit court's decision to sentence D'Agirbaud to consecutive sentences. Moreover, the authorities cited by D'Agirbaud provide no support for his arguments. The circuit court did not err in denying D'Agirbaud's Petition without a hearing because D'Agirbaud's Petition is patently frivolous and without a trace of support. See Hawai'i Rules of Penal Procedure Rule 40(f) (providing that "the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support").

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Writ of Habeas

3

Corpus" entered November 6, 2013 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 28, 2015.

On the briefs:

Quintin-John D'Agirbaud, III
Petitioner-Appellant pro se.

Richard W. Stacey
Diane K. Taira
Deputy Attorneys General
for Respondents-Appellees.

Presiding Judge

Associate Judge

Associate Judge